1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DAVID B. DAVIS,                          No.  2:16-cv-1159-GEB-EFB P

11                   Petitioner,

12          v.                                FINDINGS AND RECOMMENDATIONS

13   MARTIN FRINK,[1]

14                   Respondent.

15

16          Petitioner is a state prisoner proceeding without counsel in an action brought under 28

17   U.S.C. § 2254.  Respondent moves to dismiss the case as partially unexhausted.  ECF No. 15.

18   For the reasons that follow, it is recommended that the motion be granted in part, that the petition

19   be deemed amended to delete the unexhausted claim, and that petitioner be allowed an

20   opportunity to inform the court whether he wishes to proceed immediately or will seek to exhaust

21   the deleted claim.

22   **I.      Background**

23          Petitioner was convicted of various charges related to an incident of domestic violence in

24   the Shasta County Superior Court in 2014.  ECF No. 18, Resp't's Notice of Lodging Document in

25   Paper, Lodged Document (hereinafter "Lodg. Doc.") No. 1.  The court sentenced him to a

26   _____

27          [1] Petitioner named Tallahatchie County Correctional Facility as the respondent in this action.  The court grants respondent's request to substitute Martin Frink, Warden of that facility (where petitioner is housed), as the proper respondent in this action.  *Rumsfeld v. Padilla*, 542

28   U.S. 426, 435 (2004).

1

1    determinate sentence of 21 years in prison.  *Id.*  Petitioner sought review of the conviction in the

2    California Court of Appeal.  Lodg. Doc. No. 2.  The court rejected his appeal on January 28,

3    2016.  *Id.*  The California Supreme Court summarily denied petitioner's petition for review on

4    April 13, 2016.  Lodg. Docs. Nos. 3, 4.

5           Petitioner has filed a single collateral attack on his conviction: a petition for writ of habeas

6    corpus filed in the Shasta County Superior Court on April 6, 2016.  Lodg. Doc. No. 5.  The court

7    denied the petition on April 26, 2016.  Lodg. Doc. No. 6.

8        **II.**      **The Motion to Dismiss**

9           Respondent argues that the petition should be dismissed because one of the claims raised

10   in the instant case has not been exhausted.  ECF No. 15.  Petitioner responds that he tried to

11   exhaust his claims by filing the same paperwork in the superior court, but that he is "not too

12   bright on what court is what."  ECF No. 17.

13       **A.  <u>The Exhaustion Requirement</u>**

14          A district court may not grant a petition for a writ of habeas corpus unless the petitioner

15   has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed

16   to have waived the exhaustion requirement unless the state, through counsel, expressly waives the

17   requirement.  28 U.S.C. § 2254(b)(3).

18          Exhaustion of state remedies requires that petitioners fairly present federal claims to the

19   highest state court, either on direct appeal or through state collateral proceedings, in order to give

20   the highest state court "the opportunity to pass upon and correct alleged violations of its

21   prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations

22   omitted).  "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in

23   state court unless he specifically indicated to that court that those claims were based on federal

24   law."  *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir.

25   2000).  "[T]he petitioner must make the federal basis of the claim explicit either by citing federal

26   law or the decisions of federal courts, even if the federal basis is self-evident . . . ."  *Id.* (citations

27   omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in

28   habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

2

1    statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to

2    exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting

3    claims under the United States Constitution.").

4           In addition to identifying the federal basis of his claims in the state court, the petitioner

5    must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541

6    U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner

7    must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give

8    application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511

9    F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.

10   1958)).

11          Where a federal habeas petitioner has failed to exhaust a claim in the state courts

12   according to these principles, she may ask the federal court to stay its consideration of her petition

13   while she returns to state court to complete exhaustion. Two procedures may be used in staying a

14   petition – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by

15   *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

16   Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims

17   and hold it in abeyance pending exhaustion of additional claims which may then be added to the

18   petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal

19   petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a

20   petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition

21   and seek to add them back in through amendment after exhausting them in state court. *King*, 564

22   F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into

23   the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1),

24   however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking

25   federal habeas relief begins to run from the latest of the date the judgment became final on direct

26   review, the date on which a state-created impediment to filing is removed, the date the United

27   States Supreme Court makes a new rule retroactively applicable to cases on collateral review or

28   the date on which the factual predicate of a claim could have been discovered through the

1   exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the

2   limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82

3   (2001).

4          Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring

5   dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court.

6   *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the

7   petitioner show good cause for failing to exhaust the claims in state court prior to filing the

8   federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay pursuant

9   to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the

10  petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id*.

11         **B.  <u>Analysis</u>**

12         This federal petition contains four claims, one of which was not presented to the

13  California Supreme Court in petitioner's sole filing there – that is, petitioner's claim that his trial

14  counsel rendered constitutionally deficient assistance.  *Compare* ECF No. 1-1 *with* Lodg. Doc.

15  No. 3.  Accordingly, the petition is "mixed."  Petitioner has not expressly asked the court to stay

16  proceedings while he tries to exhaust the ineffective assistance claim, much less shown "good

17  cause" under *Rhines*.  *Soto v. Lewis*, No. SA CV 13-1711-DPP (DFM), 2016 U.S. Dist. LEXIS

18  140838, at *14 (C.D. Cal. June 8, 2016) (noting that ignorance of the law is not good cause under

19  *Rhines*); *see Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (noting that the good cause

20  standard must be interpreted to apply in limited circumstances according to the U.S. Supreme

21  Court's direction in *Rhines*).  Indeed, it is not clear from petitioner's response to the motion to

22  dismiss whether he would like the court to stay the petition even under *Kelly* (which, as discussed

23  above, does not require a showing of good cause).  Petitioner states that he wants to go forward

24  with this case and have the ineffective assistance claim "deleted," but he also indicates some

25  dissatisfaction with that prospect.  ECF No. 17 at 2 (stating that he has done "a lot more home

26  work on . . . ineffective counsel").

27         Because the petition contains an unexhausted claim and petitioner has not provided good

28  cause for staying the case, petitioner has two options.  The court can deem the petition amended

4

to delete the unexhausted claim, and then petitioner can either (1) inform the court that he wishes to proceed with the petition as amended or (2) petitioner can ask the court to stay the case while he files a petition in the California Supreme Court to exhaust the ineffective assistance claim and then seek to amend the petition again to add the claim back.  If petitioner picks option (1), he should be aware that he may not thereafter be able to obtain federal review of his ineffective assistance claim.

**III.    Conclusion and Recommendation**

In accordance with the above analysis, it is hereby RECOMMENDED that:

1.  Respondent's July 29, 2016 motion to dismiss (ECF No. 15) be granted in part such that petitioner's ground four for relief (alleging ineffective assistance of counsel) be dismissed and the petition be deemed amended to delete that claim; and

2.  Petitioner be provided with 21 days from the date of any order adopting these findings and recommendations to either (1) inform the court that he wishes to proceed on the remaining claims or (2) file a motion with the court seeking to stay the case while he exhausts the ineffective assistance claim in the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE